**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4029

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BETH ANN WOODS,

Defendant - Appellant.

No. 04-4097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTT SHIFFLETT,

Defendant - Appellant.

No. 04-4098

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STACY SHIFFLETT,

                                        Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Harrisonburg.   James C. Turk, Senior District Judge.  (CR-02-19)

Submitted:  April 18, 2005                Decided:  May 12, 2005

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

David H.N. Bean, Strasburg, Virginia; Eric B. Snyder, BAILEY & GLASSER, L.L.P., Charleston, West Virginia; David L. Heilberg, Kimberly T. Randall, MARTIN & RAYNOR, P.C., Charlottesville, Virginia, for Appellants.   John L. Brownlee, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia; Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Beth Ann Woods, Stacy Shifflett and Scott Shifflett appeal their convictions and sentences. After a trial, the Appellants were convicted of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine and more than 100 kilograms of marijuana. On appeal, the Shiffletts, who are married to each other, contend the district court erred by not permitting the jury during deliberations to have access to tape recorded telephone calls not played during the trial. All three Appellants claim their sentences violate the rule announced in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). We affirm the convictions and vacate the sentences and remand for resentencing.

During the course of investigating the drug conspiracy, law enforcement authorities intercepted and secretly recorded numerous telephone calls involving members of the conspiracy. Many of the tape recorded telephone calls were admitted as evidence during the trial. Some, not all, of the telephone calls were played for the jury, and transcripts of the calls were provided. In addition, a member of the conspiracy and one of the participants in the telephone calls testified as to details in each of the calls. During deliberations, a juror asked if the unplayed tapes could be provided to the jury. While the district court noted that it would provide the tapes if the jury wanted them, it also noted

that the remaining tapes did not have transcripts and it would be difficult for the jury to identify the speakers. In addition, there was no log for the remaining telephone calls. The court further noted that listening to the remaining tapes would be time consuming. The juror who made the initial request was persuaded that the remaining tapes would not be helpful, and the tapes were not given to the jury.

The Shiffletts contend that the district court erred by refusing to provide the remaining tape recorded telephone calls to the jury. In addition, the Shiffletts contend the court improperly commented on the evidence by stating the jury would "be here forever" listening to tapes. (J.A. at 1288). The Shiffletts further contend the court implied the jury need not consider the unplayed tape recordings in order to reach a verdict.

Because the Shiffletts did not object to the district court's actions, we review their claims for plain error. See United States v. Robinson, 275 F.3d 371, 383 n.4 (4th Cir. 2001); see also United States v. Gantt, 140 F.3d 249, 258 (D.C. Cir. 1998) (court's refusal to let jury see all the video tape recordings was not plain error). In order to demonstrate plain error, the Shiffletts must show that an error occurred, the error was plain, and the error affected their substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Correction of the error remains within our discretion, which we "should not exercise . . .

- 4 -

unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 732 (second alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

We note that the trial transcript does not support the Shiffletts' claim that the district court refused to provide the remaining tapes to the jury. The court on at least two occasions stated that the jury could have the tapes. Nor does the transcript support the claim that the district court improperly implied that the additional tapes would not be helpful in reaching their verdicts. Furthermore, there is no evidence in the record that the jury's failure to review the remaining tape recorded telephone calls affected the outcome of the proceedings. The Shiffletts do not claim that the additional tape recordings contained any exculpatory conversations. Accordingly, we find no reversible plain error in the district court's actions.

At sentencing, the Shiffletts and Woods had their offense levels enhanced based on a quantity of drugs not found by the jury beyond a reasonable doubt. In addition, Woods's offense level was increased for possession of a weapon. The Appellants claim that their sentences violate the rule announced in Booker. The Shiffletts preserved this error by arguing that the enhancements to their offense levels violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Accordingly, we review the

Shiffletts' claim de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. In this case, the district court sentenced the Shiffletts under the mandatory federal sentencing guidelines and applied enhancements for an amount of drugs not found by the jury beyond a reasonable doubt. Because the Shiffletts were incorrectly sentenced under the mandatory guidelines scheme, we vacate the Shiffletts' sentences and remand to the district court for a new sentencing hearing consistent with the rule announced in Booker.

Woods did not object at sentencing to the use of the guidelines in determining her sentence. Accordingly, we review her claim for plain error. Like the Shiffletts, Woods was sentenced as if the guidelines were mandatory. In addition, the court made factual findings with respect to drug weight and possession of a handgun.

In United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), we held that a district court plainly errs by imposing a sentence under the mandatory federal sentencing guidelines exceeding the maximum sentence authorized by the facts found by the jury alone.

Id. at 547.  Accordingly, we hold that Woods's sentence was plainly erroneous.  We vacate Woods's sentence and remand to the district court for resentencing.

Accordingly, we affirm the Shiffletts' convictions and vacate the Appellants' sentences and remand for resentencing consistent with the rule announced in Booker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART
